**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50339 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00072-JFW-1 |
| v. | |
| MARTA BEATRIZ MASTRANGELO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted March 3, 2014
Pasadena, California

Before: PREGERSON, PAEZ, and HURWITZ, Circuit Judges.

Defendant Marta Mastrangelo ("Mastrangelo") appeals her conviction for

mailing a threatening communication in violation of 18 U.S.C. § 876(c). We

affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.** Mastrangelo first argues that her conviction should be reversed because the jury instructions failed to require the jury to find that Mastrangelo: (1) acted with the specific intent to threaten, and (2) intended to threaten *physical* as opposed to general harm. Because Mastrangelo failed to raise these arguments in the district court, we review for plain error. *See* Fed. R. Crim. Proc. 30(d); *United States v. Pineda-Doval*, 614 F.3d 1019, 1025 (9th Cir. 2010). We conclude that there was no error in the instructions.

With respect to the specific intent requirement, the instructions stated that "the defendant [must have] intended to communicate a threat." We reject Mastrangelo's argument that this instruction was rendered ambiguous by a subsequent instruction which set forth the objective test for determining whether a communication constituted a threat. We also reject Mastrangelo's argument that the district court's "knowingly" instruction—which provided that "[t]he government is not required to prove that the defendant knew that her acts or omissions were unlawful"—was likely to confuse the jury as to the specific intent requirement.

We further conclude that the instructions required the jury to find that Mastrangelo intended to communicate a threat of *physical* harm because they required the jury to find that Mastrangelo "knowingly mailed or arranged to have

-2-

mailed a communication addressed to Alan Tajer containing a threat to injure *any*

*person*." (emphasis added).  Injury to the person means physical injury in its

ordinary use.  We are not persuaded by Mastrangelo's argument that the portion

the instructions providing that a communication can be "implied" or "symbolic"

rendered the instructions ambiguous regarding the physical harm requirement.

  **2.**  Mastangelo also argues that her conviction should be reversed because

one of the theories upon which the government relied at trial was that her note

constituted a threat because it caused fear of immediate injury from potential

contact with the substance in the envelope (rat poison).  Mastrangelo argues that, in

order to be convicted, her message must have conveyed a threat that she would

take some additional harmful action in the future, i.e., action beyond exposing the

victims to the chemical contained in the initial communication.  *See United States*

*v. Zavrel*, 384 F.3d 130, 138–39 (3rd Cir. 2004) (Stapleton, J., disenting); *cf United*

*States v. Havelock*, 664 F.3d 1284, 1305 (9th Cir. 2012) (Reinhardt, J.,

concurring).  However, the statute does not distinguish between threats causing

fear of immediate injury and threats of future harm.  Moreover, the mailing of a

package containing some potentially harmful substance does convey a threat of

future harm because it causes the recipient to fear that exposure to the chemical

will cause health problems in the future.  In *United States v. Keyser*, we held that a

package containing a substance meant to resemble anthrax constituted a threat for the purposes of § 876(c). 704 F.3d 631, 638-39 (9th Cir. 2012). Like the anthrax samples in *Keyser*, the substance included in Mastrangelo's note conveyed a threat because it caused the recipient to fear that she had been exposed to a harmful chemical.

3.       Mastrangelo next argues that the evidence was insufficient to support her conviction. We disagree. The evidence showed that Mastrangelo knowingly mailed an envelope containing rat poison and a card bearing the inscription "A Note of Sympathy." Moreover, Mastrangelo enclosed a portion of the rat poison label warning of the deleterious health effects that would occur should the poison be consumed, *e.g.*, "[m]ay be harmful or fatal if swallowed" and "[i]f swallowed by human . . . call a poison control center doctor." Furthermore, the employee who opened the envelope testified to being "scared," panicked," and concerned that she had been exposed to a "chemical thing[]." These facts were sufficient to show that Mastrangelo knowingly mailed a communication which she intended to convey a threat to injure the person of the addressee or of another, and that "a reasonable person would foresee that the [communication] would be interpreted by [the recipient] . . . as a serious expression of intent to harm or assault." *Keyser*, 704 F.3d at 638; 18 U.S.C. § 876(c).

**4.** Finally, Mastrangelo argues that we must independently review the "constitutional facts," here, "whether the statements were true threats." *Keyser*, 704 F.3d at 638 n.1. On independent review, we conclude that the evidence supports Mastrangelo's conviction. The note was a true threat. *See Virginia v. Black*, 538 U.S. 343, 344 (2003) (defining a true threat as a statement "where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals").

**AFFIRMED.**